IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JAMES ANTWONE ACY,<br>TDCJ No. 2477795, | § § § | |
| Plaintiff, | § § | |
| V. | § § | No. 3:24-cv-589-D-BN |
| FAMILY DOLLARS, ET AL., | § § § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
<u>UNITED STATES MAGISTRATE JUDGE</u>**

Plaintiff James Antwone Acy was convicted of aggravated assault of a security officer and was sentenced to 22 years of imprisonment. *See State v. Acy*, F22-76887-K (Crim. Dist. Ct. No. 4, Dall. Cnty., Tex. June 2, 2023).

Acy appealed, but that appeal remains pending, *see Acy v. State*, 05-23-00575-CR (Tex. App. – Dallas), docket, *available at* https://search.txcourts.gov/Case.aspx?cn=05-23-00575-CR&coa=coa05 (last visited Mar. 21, 2024).

Acy then filed a *pro se* application for a writ of habeas corpus under 28 U.S.C. § 2254, and, in a separate action, the undersigned United States magistrate judge has recommended that the petition be dismissed as unexhausted. *See Acy v. Dir., TDCJ-CID*, No. 3:24-cv-437-L-BN (N.D. Tex.).

Acy has now filed a civil rights complaint under 42 U.S.C. § 1983 against various defendants, including many North Texas police and sheriff's departments and unnamed judges and attorneys in various North Texas counties. *See* Dkt. No. 3.

Senior United States District Judge Sidney A. Fitzwater referred Acy's civil rights complaint to the undersigned for screening.

Through a separate order, the Court will grant Acy's motion for leave to proceed *in forma pauperis* [Dkt. No. 4] under the Prison Litigation Reform Act ("PLRA").

The PLRA requires that, where a plaintiff is imprisoned or detained pending trial and seeks relief from a governmental entity or employee, a district court must, on initial screening, identify cognizable claims or dismiss the complaint, or any portion of the complaint, that "is frivolous, malicious, or fails to state a claim upon which relief may be granted" or "seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

And, considering the complaint under the PLRA, the undersigned enters these findings of fact, conclusions of law, and recommendation that, to the extent and for the reasons set out below, the Court should dismiss this civil suit.

**Legal Standards**

As set out above, the PLRA authorizes the Court to dismiss a complaint where it "fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A(b)(1).

Because this language tracks the language of Federal Rule of Civil Procedure 12(b)(6), the Court should apply the pleading standards as set out in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009).

Under these standards, Federal Rule of Civil Procedure 8(a)(2) does not require that a complaint contain detailed factual allegations, but it does require "enough facts

to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570.

"The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678.

So, "[w]here a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* (cleaned up; quoting *Twombly*, 550 U.S. at 557).

On the other hand, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

"The burden is on the plaintiff to frame a 'complaint with enough factual matter (taken as true) to suggest' that he or she is entitled to relief." *Robbins v. Oklahoma*, 519 F.3d 1242, 1248 (10th Cir. 2008) (quoting *Twombly*, 550 U.S. at 556).

And, while a court must accept a plaintiff's allegations as true, it is "not bound to accept as true a legal conclusion couched as a factual allegation." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).

In fact, "the court does not 'presume true a number of categories of statements, including,'" in addition to legal conclusions, "'mere labels; threadbare recitals of the elements of a cause of action; conclusory statements; and naked assertions devoid of further factual enhancement.'" *Armstrong v. Ashley*, 60 F.4th 262, 269 (5th Cir. 2023) (quoting *Harmon v. City of Arlington, Tex.*, 16 F.4th 1159, 1162-63 (5th Cir. 2021)).

So, to avoid dismissal for failing to state a claim upon which relief may be

granted under Section 1915A(b)(1), plaintiffs must "plead facts sufficient to show" that the claims asserted have "substantive plausibility" by stating "simply, concisely, and directly events" that they contend entitle them to relief. *Johnson v. City of Shelby, Miss.*, 574 U.S. 10, 12 (2014) (per curiam) (citing FED. R. CIV. P. 8(a)(2)-(3), (d)(1), (e)); *see also Inclusive Communities Project, Inc. v. Lincoln Prop. Co.*, 920 F.3d 890, 899 (5th Cir. 2019) ("'Determining whether a complaint states a plausible claim for relief' is 'a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'" (quoting *Iqbal*, 556 U.S. at 679)).

## Analysis

Acy fails to plead facts sufficient to show an entitlement to relief where, as against each group of defendants, he merely asserts: "Voyeurism, PREA, Perjury, Abuse, Neglect, Extortion, Exploitation" without supporting factual allegations. Dkt. No. 3 at 4 (cleaned up).

And Acy fails to allege claims under Section 1983 to the extent that he challenges his underlying state conviction. *See id.* at 5 (requesting as relief an "appeal"); *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973) ("[W]hen a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus.").

The Court should therefore dismiss the civil complaint.

## Leave to Amend

The time to file objections to this recommendation (as further explained below)

allows Acy an opportunity to explain how the fatal pleading deficiencies identified above can be cured and thus show the Court that this case should not be dismissed at this time and that the Court should instead grant him leave to further amend. *See Scott v. U.S. Bank Nat'l Ass'n*, 16 F.4th 1204, 1209 (5th Cir. 2021) (per curiam) ("A court should freely give leave to amend when justice so requires, but a movant must give the court at least some notice of what his or her amendments would be and how those amendments would cure the initial complaint's defects. If the plaintiff does not provide a copy of the amended complaint nor explain how the defects could be cured, a district court may deny leave." (citations omitted)).

If Acy fails to show that leave to amend should be granted, the Court should dismiss this case with prejudice.

## Recommendation

Unless Plaintiff James Antwone Acy satisfactorily shows through timely objections a basis to amend the complaint to allege a plausible claim, the Court should dismiss the complaint with prejudice under 28 U.S.C. § 1915A(b)(1), for failure to state a claim upon which relief may be granted.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and

specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: March 26, 2024

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE